# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Daniel Isaac Meza*
Case No. 3:10-cr-00067-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Daniel Isaac Meza's Motion for Early Termination of Supervised Release (the "Motion").[1] The United States of America and United States Probation and Pretrial Services ("USPO") responded in non-opposition.[2] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On March 6, 2012, Meza appeared before the Honorable Timothy M. Burgess, U.S. District Judge, and pleaded guilty to Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1) and International Money Laundering in violation of 18 U.S.C. § 1956(a)(2)(B).[3] On September 14, 2012, Meza was sentenced to 210 months imprisonment followed by a term of five years' supervised release.[4] On February 2, 2016, his sentence was reduced to 168 months' imprisonment with the original sentence of five years of supervised release to follow.[5] Meza began his term of supervised release on June 17, 2022, and has been supervised by the Middle District of North Carolina.

Meza now moves for early termination of his supervised release based on his continued compliance with the conditions of his release.[6] He notes that he has been gainfully employed since his release.[7] He also points to his recent travel and return from El Salvador that he did with permission from the Court.[8]

USPO supports early termination and confirms Meza's compliance with the conditions of his release.[9] The Government states that if "defers to [USPO]" and "[i]f the USPO agrees to this early termination, the United States will not oppose."[10]

---

[1] Dkt. 721 (Motion for Early Termination of Supervised Release); *see also* Dkt. 722 (Declaration of Daniel Isaac Meza).
[2] Dkts. 724 (USPO Response); 725 (Response to Motion for Early Termination).
[3] Dkt. 398 (Minute Entry).
[4] Dkts. 507 (Minute Entry); 511 (Judgment).
[5] Dkt. 636 (Order/Judgment Reducing Sentence).
[6] Dkt. 722 at 1.
[7] *Id.*
[8] *Id.*
[9] Dkt. 724.
[10] Dkt. 725.

1

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's supervised release.[11] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[12] The Court must also follow Federal Rule of Criminal Procedure 32.1. If the Court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice," the Court may terminate a term of supervised release after the defendant completes one year of supervision.[13] Changed circumstances, such as "exceptionally good behavior by the defendant" may "render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[14]

Having reviewed the briefing in this matter, the Court concludes that early termination of Meza's supervised release is appropriate. Meza has continuously complied with the conditions of his release, including regular negative drug testing; obtained stable employment; and made significant progress toward the payment of his restitution. Therefore, the Court finds that early termination of supervised release is in the interest of justice and is warranted by Meza's conduct.

Accordingly, the Court GRANTS the Motion at Docket 721. FURTHER, it is hereby ORDERED that Meza's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 31, 2025.

---

[11] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[12] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[13] 18 U.S.C. § 3583(e)(1).
[14] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a)").